IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUOLJOCK LIA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3160 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | MEMORANDUM AND ORDER |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint in this matter on July 28, 2008, against the Nebraska Department of Correctional Services (Filing No. 1).  The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff alleges that a DCS official entrapped plaintiff by setting him "up with other inmates to fight."  (*Id*. at CM/ECF p. 4.)  Plaintiff also alleges that he experienced "mental danger" from this incident (*Id*. at CM/ECF p. 5).  Plaintiff asks the court to "free [him] from entrapment."  (*Id*. at CM/ECF p. 6.)

II.  **APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§


1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a

person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The Court liberally construes plaintiff's complaint to allege an Eighth Amendment claim related to plaintiff's safety. A prisoner asserting a violation of his Eighth Amendment safety rights must show "deliberate indifference," or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff.  *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002).  Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).  "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind."  *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Although plaintiff alleges a DCS official set him "up with other inmates to fight," his allegation does not describe the incident or allege that the DCS official acted with a sufficiently culpable state of mind (Filing No. 1 at CM/ECF pp. 1-9).  Plaintiff has failed to allege a viable Eighth Amendment safety claim against defendant.  However, on the Court's own

motion, plaintiff shall have 30 days in which to amend his complaint to clearly state a claim against defendant upon which relief can be granted.  Any amended complaint shall restate the allegations of plaintiff's current complaint (Filing No. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

      IT IS ORDERED:

      1.   Plaintiff shall have until **November 20, 2008,** to amend his complaint to clearly state a claim upon which relief can be granted against defendant, in accordance with this Memorandum and Order.  If plaintiff fails to file an amended complaint, plaintiff's claims against defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted.

      2.   In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

      3.   The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 20, 2008.**

-4-

4.   Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 24th day of October, 2008.

>BY THE COURT:
>
>/s/ Lyle E. Strom
>_____
>LYLE E. STROM, Senior Judge
>United States District Court